KRM

# FILED

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DEC 12 2022  KG

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Raymond M. Yarem

,

**Plaintiff(s),**

vs.

Officer Dan Duda
Town of East Dundee

,

**Defendant(s).**

Ammonded Complaint

)
)
)
)
)
)
)
)
)
)
)
)
)
)

22 CV 3752

**Case No.**

## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

*This form complaint is designed to help you, as a* pro se *plaintiff, state your case in a clear manner. Please read the directions and the numbered paragraphs carefully. Some paragraphs may not apply to you. You may cross out paragraphs that do not apply to you. All references to "plaintiff" and "defendant" are stated in the singular but will apply to more than one plaintiff or defendant if that is the nature of the case.*

1.   This is a claim for violation of plaintiff's civil rights as protected by the Constitution and

laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

2.   The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

3.   Plaintiff's full name is Raymond M. Yarem                    .

*If there are additional plaintiffs, fill in the above information as to the first-named plaintiff and complete the information for each additional plaintiff on an extra sheet.*

1

4.   Defendant, _DAN DUDA #111_____, is
                    (name, badge number if known)

     ☒ an officer or official employed by _EAST DUNDEE POLICE DEPARTMENT_
                                    (department or agency of government)
     _____ or

     ☐ an individual not employed by a governmental entity.

*If there are additional defendants, fill in the above information as to the first-named defendant and complete the information for each additional defendant on an extra sheet.*

5.   The municipality, township or county under whose authority defendant officer or official

     acted is _EAST DUNDEE, KANE COUNTY_____. As to plaintiff's federal

     constitutional claims, the municipality, township or county is a defendant only if

     custom or policy allegations are made at paragraph 7 below.

6.   On or about _JULY 25_____, at approximately _7AM_____ ☒ a.m. ☐ p.m.
                (month,day, year)

     plaintiff was present in the municipality (or unincorporated area) of _EAST DUNDEE_

     _____, in the County of _KANE_____,

     State of Illinois, at _BARRINGTON AVG ⊕ RIVER ST_____,
                          (identify location as precisely as possible)

     when defendant violated plaintiff's civil rights as follows *(Place X in each box that applies)*:

     ☐     arrested or seized plaintiff without probable cause to believe that plaintiff had
           committed, was committing or was about to commit a crime;
     ☐     searched plaintiff or his property without a warrant and without reasonable cause;
     ☒     used excessive force upon plaintiff;
     ☐     failed to intervene to protect plaintiff from violation of plaintiff's civil rights by
           one or more other defendants;
     ☐     failed to provide plaintiff with needed medical care;
     ☐     conspired together to violate one or more of plaintiff's civil rights;
     ☐     Other:

     _____

     _____

2

_____.

7.    Defendant officer or official acted pursuant to a custom or policy of defendant

municipality, county or township, which custom or policy is the following: (**_Leave blank_**

**_if no custom or policy is alleged_**):_____

_____

_____

_____.

8.    Plaintiff was charged with one or more crimes, specifically:

BEING WITHIN 500 FEET OF A CLOSED

BUSINESS

_____

_____

_____

9.    (**_Place an X in the box that applies. If none applies, you may describe the criminal_**
      **_proceedings under "Other"_**)  The criminal proceedings

☐  are still pending.

☐  were terminated in favor of plaintiff in a manner indicating plaintiff was innocent.[1]

☒  Plaintiff was found guilty of one or more charges because defendant deprived me of a

fair trial as follows_____

_____.

☐  Other: _____.

_____

[1]Examples of termination in favor of the plaintiff in a manner indicating plaintiff was innocent
may include a judgment of not guilty, reversal of a conviction on direct appeal, expungement of the
conviction, a voluntary dismissal (SOL) by the prosecutor, or a _nolle prosequi_ order.

10. Plaintiff further alleges as follows: (*Describe what happened that you believe supports your claims. To the extent possible, be specific as to your own actions and the actions of each defendant.*)

AN E-MAIL FROM OFFICER CLARK OF THE EAST DUNDEE P.D STATED I ONLY HAD TO STAY 50 FEET AWAY FROM THE CLOSED BUSINESS. I WAS WALKING DOWN TOWN EAST DUNDEE WHEN OFFICER DAN DOOR USED AGRESSIVE FORCE WHEN ARRESTING ME FOR BEING WITHIN 500FT OF A CLOSED BUSINESS HE HURT ME SO BAD BY TWISTING MY RIGHT WRIST SO HARD THAT I EXPERIENCED EXTREME PAIN THAT CAUSED ME TO PASS OUT. I WAS RUSHED TO SHERMAN HOSPITAL DUE TO THE SEVERITY OF MY INJURY INCLUDING MY BACK. THEY ESCORTED ME IN & OUT OF THE HOSPITAL IN A WHEELCHAIR BECAUSE I WAS SO DIZZY FROM THE PAIN. I ENDED UP WEARING A WRIST BRACE PLUS HAD SURGERY ON MY WRIST. 12/3/20, I ALSO SAW A CHIROPRACTOR FOR 1½ YEARS DUE TO THE SEVERE BACK PAIN & NECK PAIN.

11. Defendant acted knowingly, intentionally, willfully and maliciously.

12. As a result of defendant's conduct, plaintiff was injured as follows:

RIGHT WRIST SURGERY
CHIROPRACTOR FOR SEVERE NECK & BACK PAIN

13. Plaintiff asks that the case be tried by a jury. ☒ Yes ☐ No

4

14.    Plaintiff also claims violation of rights that may be protected by the laws of Illinois, such

as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy,

and/or any other claim that may be supported by the allegations of this complaint.


**WHEREFORE,** plaintiff asks for the following relief:

A.    Damages to compensate for all bodily harm, emotional harm, pain and suffering,

loss of income, loss of enjoyment of life, property damage and any other injuries

inflicted by defendant;

B.    ☒ *(Place X in box if you are seeking punitive damages.)* Punitive damages

against the individual defendant; and

C.    Such injunctive, declaratory, or other relief as may be appropriate, including

attorney's fees and reasonable expenses as authorized by 42 U.S.C. § 1988.

Plaintiff's signature: _Raymond M. Yargem_

Plaintiff's name *(print clearly or type)*: _Raymond M. Yargem_

Plaintiff's mailing address: _400 King Ave._

City _East Dundee_     State _IL_     ZIP _60118_

Plaintiff's telephone number: _847 450 4345_.

Plaintiff's email address *(if you prefer to be contacted by email)*: _____

_UMFINC @ COMCAST. NET_

15.    Plaintiff has previously filed a case in this district.    ☒ Yes    ☐ No

*If yes, please list the cases below.*
            _22CV3752_

*Any additional plaintiffs must sign the complaint and provide the same information as the first*
*plaintiff.  An additional signature page may be added.*

5

**Ray YAREM <umfinc@comcast.net>**                                    7/31/2020 10:03 AM

## Fwd: Police Report Scans

To strohlaw@gmail.com <strohlaw@gmail.com>

The 2 police reports I just filed

I handed the reports to Officer Clark this morning at 9:38 am. He is the officer who called me regarding the incident with Cliff Surges on 7/14/20. I asked him if his call was recorded to me. He stated No. I asked him if he directed me to stay at least 50 feet away from Cliff. He stated YES he did!!!

---------- Original Message ----------
From: Library Help <LibraryHelp@frvpld.info>
To: umfinc@comcast.net
Date: 07/31/2020 9:23 AM
Subject: Police Report Scans

- Scannable Document on Jul 31, 2020 at 9-21-57 AM.pdf (6 MB)



601 S. California Ave, Chicago, IL 60612

January 2, 2021

IPMG

Re:     _Raymond Yarem – Demand for Settlement_

To whom it may concern:

Good afternoon. I represent East Dundee resident Raymond Yarem in matters related to an unjustified use of force against him by East Dundee police Officer Daniel Duda (Star # 111), on July 25, 2020. Mr. Yarem has previously contacted your office regarding his significant injuries from the attack, which required surgery and regular subsequent physical therapy.

In a letter dated August 18, 2021, IPMG Claims Adjustor Karen Mangrum erroneously informed Mr. Yarem that his claims are time barred due to provisions of the Illinois Local Governmental Governmental Employees Tort Immunity Act, 745 ILCS 10 _et seq_. See "IPMG Letter," attached as **Exhibit 1.** While claims under state law are indeed subject to a one-year statute of limitations under the Tort Immunity Act, under the Supremacy Clause of the United States Constitution, Mr. Yarem's federal claims pursuant to 42 U.S.C. § 1983 for deprivations of constitutional rights carry a two-year statute of limitations that is unaffected by the Tort Immunity Act. His claims accrued at the date of his arrest and Officer Duda's use of force against him, meaning that he has until July 25, 2022 to file suit. As a gesture of good faith, I will assume that this was an oversight and not an intentional and tortious attempt by IPMG to mislead Mr. Yarem in order to avoid responsibility for paying its insured's liabilities.

This letter is thus a formal offer to resolve any and all of Mr. Yarem's potential claims related to the matter in exchange for a sum of _**$250,000.**_

## I.     FACTUAL BACKGROUND

On the weekend of July 25, 2020, Raymond Yarem was taking a walk through town when he was stopped by Officer Duda (who had previously arrested Mr. Yarem on an unrelated charge), who claimed that Mr. Yarem was in violation of an order of protection for travelling within 500 feet of a certain business located at 210 N. River Street. Officer Duda, who harbors previous animus towards Mr. Yarem, grabbed Mr. Yarem's wrist and violently wrenched it to the side, causing significant damage to muscle and tissue and eventually required surgery to correct. Mr. Yarem became dizzy and was recommended a trip to the hospital by paramedics at the time. At the time Officer Duda attacked him, Mr. Yarem was not resisting arrest, fleeing or a threat of flight, a danger to officers, or suspected of a serious offense.

Officer Duda's actions do not occur in a vacuum. After Mr. Yarem made a complaint that police were, rather than responding to service calls or otherwise doing police work, sitting at a Duncan Donuts for hours on end, he became a target for the East Dundee Police Department. Officer Duda's actions are consistent with a pattern of harassment subsequent to—and indeed



601 S. California Ave, Chicago, IL 60612

constitute retaliation for—his first amendment protected speech with regard to the police department.

Officer Duda has a checkered reputation for truthfulness—he has been sued for fabrication of evidence on a suit that settled out of court following a rejection of Duda's attempt to dismiss the action, and he has similarly been recommended for discipline for untruthful actions in connection with a murder investigation. Additionally, Mr. Yarem has identified police officer witnesses who are willing to testify about Officer Duda's demeanor and actions' being ill-suited to service as a poli ce officer. The story does not end there. After my client reported police's failure to fulfill their jobs, instead spending time at a donut shop, officers embarked upon a competition as to who could arrest him more. He has been fined, harassed, surveilled, and otherwise mistreated since this date. An officer at one point told Mr. Yarem that he "couldn't wait to arrest him," and the Chief of Police interfered with an ongoing judicial proceeding by contacting, ex parte, a judge in the matter.

The impact of Officer Duda's arrest and attack on Mr. Yarem has been catastrophic. Mr. Yarem has lived in a state of constant pain since the attack, which occurred nearly a year and a half ago, and was forced to have surgery and regular physical therapy, incurring significant physical injury. He has lost the normal life he led prior to the attack; an avid golfer, Mr. Yarem is no longer able to enjoy this activity that in the past brought him great joy. Mr. Yarem cannot do XYZ activity. He has also incurred significant medical bills, some of which have been sent to collections, jeopardizing his sterling credit history.

## II. LEGAL BACKGROUND

A claim under 42 U.S.C. § 1983 brought in a court situated in Illinois carries with it a two year statute of limitations. *Kalimara v. Illinois Dep't of Corr.*, 879 F.2d 276, 277 (7th Cir. 1989) (section 1983 actions borrow the statute of limitations from personal injury actions in the venue state; in Illinois, this is two years). As a result, a lawsuit based on the July 25, 2020 incident is clearly within the statute of limitations, contrary to IPMG's representations to Mr. Yarem.

To prevail on a claim under section 1983, a plaintiff must show that they were deprived of a federally protected right by someone acting under color of state law. Here, Officer Duda was a uniformed officer at the time of his actions, clearly meeting the second prong of the analysis. As for the first prong, Mr. Yarem's Fourth and First Amendment rights were violated.

### A. Officer Duda's Conduct Violated Mr. Yarem's Fourth Amendment Rights

The Fourth Amendment to the United States Constitution protects a person from unreasonable searches and seizures. U.S. Const. amend IV. Officer Duda violated Mr. Yarem's right to be free from unreasonable seizures when he used excessive force while arresting him by violently jerking his wrist in a manner wholly unnecessary to effecting the arrest. His actions caused serious, lasting physical injury to Mr. Yarem. Officer Duda Also violated Mr. Yarem's Fourth Amendment rights by falsely and unreasonably arresting him for violating an order of protection when the objective facts show that he did not in fact violate its terms.



601 S. California Ave, Chicago, IL 60612

1. <u>Officer Duda Used Excessive Force Against Mr. Yarem</u>

In excessive force claims, the analytical baseline is that an officer's use of force must be reasonable under the Fourth Amendment. *Smith v. Ball State Univ.,* 295 F.3d 763, 770 (7th Cir. 2002); see also *Hill v. Miller,* 878 F. Supp 114, 116 (N.D. Ill. 1995) (the use of any significant force ... not reasonably necessary to effect an arrest … would be constitutionally unreasonable"). This analysis "requires careful attention to the facts and circumstances of each particular case, including the (1) severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor,* 490 U.S. 386, 396 (1989) (internal numbering added).

In the present case, all dispositive *Graham* factors favor Mr. Yarem. He was suspected of the nominal offense of being several hundred feet from a closed business in supposed violation of an order of protection; he posed no threat to the safety of officers given that he was not armed and made no violent actions towards officers; and did not actively resist arrest or attempt to flee.

Further, qualified immunity is unavailable to Officer Duda in this circumstance because it has been well established in the Seventh Circuit prior to Officer Duda's conduct that "police officers [may] not use significant force on nonresisting or passively resisting suspects." *Abbott v. Sangamon Cnty.,* 705 F.3d 706, 727 (7th Cir. 2013); *see Payne v. Pauley,* 337 F.3d 767, 779 (7th Cir. 2003) (identifying relevant criteria in excessive force qualified immunity analysis: whether a plaintiff was attempting to harm an officer, resist or evade arrest, or flee, and the severity of alleged offenses).

In short, even though Officer Duda would likely deny Mr. Yarem's allegations, there is at minimum a dispute of material fact that would leave this matter subject to years of litigation, and, eventually, a trial, with attendant costs to the parties of such an undertaking. This letter attempts to remove that possibility.

2. <u>Officer Duda Falsely Arrested Mr. Yarem Without Probable Cause</u>

A person has the right to be free from arrest without probable cause; Officer Duda, by arresting Mr. Yarem when he was greater than 500 feet away from a prohibited location, and in compliance with the terms of an order of protection, violated this right.

To prevail on a Fourth Amendment false arrest claim, an individual must show that there was no probable cause to arrest them. *Neita v. City of Chicago,* 830 F.3d 494, 497 (7th Cir. 2016). Probable cause is present when "at the time of the arrest, the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing... that the suspect has committed, is committing, or is about to commit an offense." *Id.* "[I]t is incumbent upon law enforcement officials to make a thorough investigation and exercise reasonable judgment before invoking the awesome power of arrest and detention." *Moore v. Marketplace Restaurant, Inc.,* 754 F.2d 1336, 1346 (7th Cir. 1985).

Here, Mr. Yarem was walking through town, greater than 500 feet from the (then-closed) business to which the order of protection applied, when Officer Duda descended upon him—not



601 S. California Ave, Chicago, IL 60612

for the first time—and arrested him. Although Officer Duda stated in his police report that Mr. Yarem's location was later measured as within 500 feet of the business, this is flatly false. Though the Officer will inevitably disagree, this dispute of fact would at minimum likely carry Mr. Yarem's false arrest claim past summary judgment and to trial at great time and expense to the Village.

Because the objective facts did not give rise to probable cause that Mr. Yarem had committed any crime, he would likely prevail on this Fourth Amendment claim, as well.

### B.    Officer Duda Violated Mr. Yarem's First Amendment Rights

Officer Duda's actions, taken in retaliation for Mr. Yarem's prior protected speech regarding East Dundee police officers and Officer Duda himself during a prior arrest, are an independent basis of liability against him.

The First Amendment to the United States Constitution may operate as a constitutional tort made actionable by 42. U.S.C. 1983. "To plead a First Amendment retaliation claim, the plaintiff must allege that he engaged in constitutionally protected speech and that the defendants retaliated against him because of his speech." *Whitehouse v. Piazza*, 397 F.Supp.2d 935, 939 (N.D. Ill. 2005), citing *Love v. City of Chicago*, 5 F.Supp.2d 611, 613 (N.D. Ill. 1998).

Mr. Yarem's prior citizen complaints regarding police, and comments to Officer Duda during an incident in 2019 and the operative interaction in 2020 leads to the inference that Officer Duda's eventual arrest and and excessive force was in fact retaliation for his speech. This is placed in stark relief by the internal East Dundee police "competition" to baselessly arrest and cite Mr. Yarem. First Amendment retaliation is a critical lens through which to consider Officer Duda's treatment of Mr. Yarem, and is a shocking abdication of a law enforcement officer's professional obligations to the public. This claim too would likely succeed.

## III.    OFFICER DUDA IS NOT A CREDIBLE WITNESS

As always, a critical component of any litigation is the caliber and character of the parties involved. Officer Duda is not a sympathetic or credible defendant, further strengthening Mr. Yarem's potential case.

As has been widely reported in the press, Officer Duda has been the subject of adverse disciplinary recommendations for official actions indicating an untruthful character.[1] Officer Duda's character for truthfulness has also been impugned by prior litigation against him. For example, in *Sumling v. Village of East Dundee, et al.,* , a court in the Northern District of Illinois allowed suit to proceed against Officer Duda based on allegations that he fabricated evidence leading to unlawful detention of the plaintiff in that case. The case settled after more than a year

---

[1] Dan Campana, "Suspension recommended for detective in Schmelzer murder case," *The Chicago Tribune*, Dec. 6, 2016, https://www.chicagotribune.com/suburbs/elgin-courier-news/ct-ecn-east-dundee-schmelzer-murder-side-st-1207-20161206-story.html.



601 S. California Ave, Chicago, IL 60612

of litigation, but the allegations there—that Officer Duda falsified information used in a judicial proceeding—are strikingly similar to those at issue here.

Officer Duda's reputation in the community is poor, even among the notoriously close-knit policing community. Other police officers in the area have expressed doubt to Mr. Yarem about Officer Duda's ability to lawfully police, and he similarly has been

In short, Officer Duda is not a credible witness, and would not make a credible defendant, further strengthening Mr. Yarem's position and the Village's interest in resolving this matter without litigation.

## IV. MR. YAREM'S DAMAGES ARE SIGNIFICANT

Mr. Yarem's damages are significant. As a result of Officer Duda's attack, not only was he wrongfully arrested, he suffered catastrophic injury that continues to negatively impact his life personally, emotionally, and financially. Since having his wrist manhandled by Officer Duda, Raymond Yarem required surgery to heal, and has undergone years of laborious and expensive therapy. Still, however, he lives with pain, and is unable to partake in activities he previously enjoyed, such as golfing.

Mr. Yarem's medical bills exceed _____. The value of his pain and suffering and loss of a normal life, if calculated by a jury, would likely exceed this. Further, the willful and wanton nature of Officer Duda's actions generate the possibility of punitive damages against Officer Duda. In short, not only is this matter strong from the standpoint of liability, it also represents significant financial risk to the Village, making resolution at this moment in the Village's best interests.

## V. CONCLUSION

Despite police's treatment of him, Mr. Yarem is willing to waive any and all claims against the Village and Officer Duda stemming from the July 25, 2020 incident in exchange for the sum of _____. When placed beside his significant damages, and the strong potential for a substantial award of attorney's fees should he prevail in an action, this demand is exceedingly reasonable.

Please make your response to this demand by email to daniel@first-defense.org within ten business days. With questions, feel free to reach out.

Sincerely,

Daniel Massoglia
*One of Ray Yarem's Attorneys*

**Ray YAREM <umfinc@comcast.net>**                                                    1/17/2022 3:39 PM

# Re: Draft letter v2

To Daniel Massoglia <daniel@first-defense.org> • Ray YAREM <umfinc@comcast.net>

Here is the information you requested Dan.

1. The 2 officers below are the ones that I spoke with. They informed me of the Abusive behavior Officer Dan Duda has when he arrests people. One of them refuses to assist Duda when he is making an arrest.

Officer M.Straub---#148----847-551-3481----mstraub@cville.org

Officer D.Vera---#139----847-5513481 ext:1744---dvera@cville.org

2. My total injury expenses have been close to $200,000 with an out of pocket of over a few thousand dollars. I believe I sent you the one we discussed when I was rushed to the hospital that was sent to a collection agency for $1304.35.

3. The citation #19-4902 on 9/28/19 was given to me by Officer Magnuson. I had to appear in person at the East Dundee Police Department on 10/23/19 at 3:00pm. I was fined by an attorney Bateman out of Barrington for $1,000.

I have also been charged with not stopping at the same red lite 4x at the same intersection in East Dundee with fines totaling over $400

I was also issued citation #89527 on 5/21/21 for improper use of electronic communication device-cell phone that was seen by a neighbor of mine for $164.

4. The 1st set of pictures were from Oct 2019 the police cars at Dunkin Donuts. Thee next ones are the cops hangingout parked around my home in Nov 2019.
Next Dunkin Donuts pictures of poice hanging out Jan & Feb 2020.
The brace on the right wrist is July 2020.
Stitches on the wrist after surgery are right after the surgery Dec 2020.

Let me know if you need anything else Dan.

How did you like all the Great travel deals sent to you over the weekend?

On 01/10/2022 9:34 PM Daniel Massoglia <daniel@first-defense.org> wrote:

> Here's the latest draft. Not quite done but wanted to let you know I'm working on it. Some comments in there where I need your assistance.

Take care,
Daniel


--
Daniel Massoglia

Director, Civil Rights Clinic
First Defense Legal Aid
daniel@first-defense.org | (336) 575-6968
1-800-LAW-REP4 (529-7374)
Pronouns: he/him/his

BMITCHELL @ EASTDUNDEE.NET
J JOHNSEN @ EAST DUDEE-NG

## East Dundee Police Department
### CITIZEN REPORT

**INCIDENT NO. (OFFICIAL USE ONLY)** 20-2371

**NAME OF PERSON MAKING REPORT (LAST, FIRST MIDDLE):** YAROM RAYMOND M

**DATE OF BIRTH** 8/19/56 **SEX: M /F** **TELEPHONE NO.** 847 450-4345

**HOME ADDRESS** 400 KING AVE. **CITY** EAST DUNDEE, **STATE** IL **ZIP CODE** 60118

**BUSINESS ADDRESS** **CITY** **STATE** **ZIP CODE**

**NAME OF OTHER PERSON INVOLVED (LAST, FIRST MIDDLE):** OFFICER DUDA

**DATE OF BIRTH** **SEX: M /F** **TELEPHONE NO.( )**

**HOME ADDRESS** **CITY** EAST DUNDEE, IL 60118 **STATE** **ZIP CODE**

**BUSINESS ADDRESS** **CITY** **STATE** **ZIP CODE**

| VEHICLE INFO. | LICENSE | YEAR | COLOR | MAKE | MODEL |
|---|---|---|---|---|---|
| | | | | | |

**INCIDENT LOCATION (ADDRESS, CITY, STATE)** RIVER ST, EAST DUNDEE **DATE OF INCIDENT** 7/25/20 **TIME OF INCIDENT** 6:7AM

☐ Check here if the report is for lost property. Describe property below. No need for narrative.

If the report is for anything other than lost property, state what happened:

OFFICER DUDA USED EXTREMELY AGRESSIVE FORCE IN ARRESTING ME ON SATURDAY 7/25/20. HE HAS A BAD REPUTATION WITH BEING OVERLY AGRESSIVE WHEN ARRESTING PEOPLE. I WAS INFORMED BY A FEW DIFFERENT OFFICERS IN SURROUNDING TOWNS OF HIS AGRESSIVE + ILLEGAL BEHAVIOR. JUST GOOGLE HIS NAME + SEE THE DESPICABLE REPUTATION HE HAS

HE GRABBED MY RIGHT WRIST + TURNED IT SOO HARD THAT HE CAUSED EXTREME PAIN THAT CAUSED ME TO SCREAM. THERE WERE 3 ASIAN WITNESS THAT SAW OFFICER DUDAS AGRESSIVE BEHAVIOR+TOLD HIM TO STOP HURTING ME. OFFICER DUDA CONTINUED TO TURN MY ARM + WRIST INTO AN UNCONTROLABLE PAIN. OFFICER KASIBA PUT THE HANDCUFFS ON PAIN TIGHT. I TOLD HIM TO LOOSEN IT UP HE STATED I

PAGE 1 OF 2

**East Dundee Police Department**
**CITIZEN REPORT**

HAVE MY 2 FINGERS THERE & IT IS FINE, OFFICER
DUDA CONTINUED TO TWIST MY WRIST & ARM
EXTREMELY HARD

THE CARPONTERSVILLE PARAMEDICS WERE
CALLED IN TO ICE UP MY SWOLLEN & DAMAGED RIGHT
WRIST, THEY HIGHLY RECOMMENDED THAT I GO TO THE
HOSPITAL FOR X'RAYS DUE TO THE EXTREME PAIN &
SWELLING CAUSED BY OFFICER DUDA,

I WAS GETTING EXTREMELY DIZZY AT THE
HOSPITAL DUE TO MY SEVERE PAIN & INJURY. I ENDED
UP STUMBLING SEVERAL TIMES DUE TO THE PAIN, THE
ER PUT ME IN A WHEELCHAIR AFTER I PASSED OUT-
THEY PUSHED ME IN A WHEELCHAIR TO THE POLICE
CAR THEY GAVE ME MEDICATION FOR THE PAIN,

BACK AT THE POLICE STATION THEY PUT
ME IN A LOCKED CELL. I ENDED UP PASSING OUT
AGAIN AS I WAS HIT MY HEAD ON THE BENCH

ALL 3 OFFICERS DUDA, LASIER & ANDREWS LEFT
ME LAY ON THE FLOOR & WOULD NOT ASSIST ME
AT ALL.

IT WAS ON TUESDAY JULY 14, WHEN OFFICER
CLARK CALLED ME LATE THAT AFTERNOON REGARDING
CLIFF'S COMPLAINTS. OFFICER CLARK INFORMED ME THAT
I HAVE TO STAY 50 FEET AWAY FROM CLIFF, HIS FAMILY
& HIS BUSINESS,

I WAS SEVERAL HUNDRED FEET AWAY FROM
HIS BUSINESS WHEN I WAS BRUTALLY ARRESTED BY
OFFICER DUDA,

I HANDED THIS POLICE REPORT AT 9:38 AM. I ASKED HIM
IF OUR CALL RE: CLIFF WAS RECORDED. HE STATED NO, I ASKED OFFICER CLARK
IF HE TOLD ME TO STAY 50 FEET AWAY FROM CLIFF, HE STATED
YES 50 FEET,

SIGNATURE _____      DATE 7/21/20

**Mesirow Financial**    **Patron Incident Investigation**

**Patron Information**

Name of Person Involved: RAYMOND YARON    Age: 65    Sex: M    Marital Status: MARRIED

Time and Date Reported by Employee: 7/25/20 (am/pm) / /    Time and Date of Accident: am/pm / /    Reported To: 847-458-4345

Address: 400 KING AVE, EAST DUNDEE, IL 60118    Phone Number: ( )

Name of Parents or Guardian (if under 18 years old), Address    Business Phone Number: ( )

Local Address, If Visiting,    Phone Number: ( )

**Witnesses**

Name, Address    Phone Number: ( )

Name, Address    Phone Number: ( )

Name, Address    Phone Number: ( )

**Location**

Describe the exact location where accident occurred with enough detail to allow the reader to go to the accident scene.

RIVER ST, EAST DUNDEE IL. I WAS ALMOST AT THE CORNER OF BARRINGTON RD & RIVER ST OVER 100 FEET FROM OFFICE

**Injury**

Part(s) of body injured? (Be specific) RIGHT WRIST & BACK EXTREMELY SWOLLEN

Nature of Injury (cut, bruise, strain, fracture, etc.) BADLY BRUISED + SWOLLEN RIGHT WRIST & BACK INJURY

**Sequence Of Events**

Describe the actions of the injured person or others which resulted in this accident.

OFFICER DUDA AGRESSIVELY ARRESTED ME SO HARD THAT I PASSED OUT FROM THE EXTREME PAIN & FELL TO THE GROUND - THEY RUSHED ME TO SHERMAN HOSPITAL & TOOK ME OUT OF THE CAR IN A WHEEL CHAIR.

**Causes**

Describe those physical conditions of equipment, machines or facilities, and acts of the injured person or others which may have contributed to this accident. There are usually several contributing causes. (See instruction for examples)

THEY RUSHED ME TO SHERMAN HOSPITAL FOR X'RAYS

**Verification**

I believe that the above information is true and accurate to the best of my knowledge.

Signature of Injured Person    Date: 6/30/21

**Medical Treatment**

What medical treatment was given? CT SCAN + SURGERY TO REPAIR RIGHT WRIST THAT WAS BADLY INJURED - SURGERY ON 12/3/20 BY DR. ALFED

**Disclaimer**

I have chosen not to go to a physician, hospital or medical centers.

Signature of Injured Person    Date: 6/30/21

Revised 12/27/00



**Patron Incident Investigation**

| | | | ( ) |
|---|---|---|---|
| **Unit Number** | **Location Address** | | **Phone Number** |

**Recommen-dations** | What action can be taken to prevent a similar accident from occurring?

OFFICERS SHOULD NEVER AG EXTREMELY AGRESSIVE DURING A MINOR ARREST

**Action** | What action have you taken on the recommendations listed above? (Attach work order if applicable)_____

_____

If you have reason to believe that this injury is suspicious explain on a separate sheet of paper and attach it to this report.

Manager's Signature _____ Date _____

**Follow-Up** | Corrective Action | | Responsible | Completed
_____ | _____ | _____

**Property Damage** | Nature of damage_____

Cost to repair or replace_____

**Severity** | ☐ Near Miss ☐ First Aid ☐ Medical Treatment ☐ Hospitalization ☐Fatality

$_____ Medical Cost $_____Medical Indemnity

Reviewed by:_____ Date:_____

## INSTRUCTIONS FOR COMPLETING THE PATRON INCIDENTS INVESTIGATION FORM

The purpose of conducting this investigation is to determine and describe as completely as possible:
1. The sequence of events which led to the accident
2. The physical conditions and acts of the injured employee or others which contributed to this accident
3. Those actions which must be taken in order to prevent a similar accident from occurring

Provide the information necessary for anyone reading this report to clearly understand:
1. What happened?
2. Where it happened?
3. Who was involved?
4. What injury was sustained?
5. What needs to be done to prevent a similar accident?
6. What action you have taken to assure that corrective measures have been taken?
7. What action needs to be taken by others to prevent a similar accident?

It is not appropriate during this investigation to determine fault or blame. This will only make the interviewee defensive and interfere with open and honest discussion.

In determining the causes which may have contributed to this accident, consider the following possibilities.

| | |
|---|---|
| Unsafe Job Procedure | Failure to Use Proper Tools |
| Inadequate Planning | Failure to Use Personal Protective Equipment |
| Improper or Inadequate Signage or Instruction | Failure To Follow Work Rules |
| Lack of Supervision | Failure to Seek Assistance |
| Failure to Provide Proper Tools | Failure to Follow Established Procedures |
| Improper Layout of Equipment or Materials | Inattention/Distraction |
| Unsafe Condition of Equipment or Facilities | Action of Injured Person |
| Improper or Inadequate Maintenance | Action of Another Person |
| Inadequate Housekeeping | Physical Condition of Injured Person |

Recommendations should be clear statements of specific actions or activities to be taken and include indications of who might be responsible for completing the recommendations and when the recommendation should be completed. When formulating your recommendations consider:

| Facilities - | Layout, Use, Maintenance, Housekeeping |
|---|---|
| Environment - | Heat, Lighting, Air Quality, Cleanliness |
| Equipment - | Arrangement, Use, Maintenance, Selection |
| Personnel - | Selection, Training, Capability, Supervision |

Revised 12/27/00

**East Dundee Police Department**
CITIZEN REPORT

INCIDENT NO. (OFFICIAL USE ONLY)

NAME OF PERSON MAKING REPORT (LAST, FIRST MIDDLE):
Raymond Jargon

| DATE OF BIRTH 6/17/56 | SEX: M / F | TELEPHONE NO. 847-450.4343 |
|---|---|---|

| HOME ADDRESS 400 King Ave | CITY East Dundee | STATE IL | ZIP CODE 60118 |
|---|---|---|---|

| BUSINESS ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|

NAME OF OTHER PERSON INVOLVED (LAST, FIRST MIDDLE):
OFFICER DAN DUDA

| DATE OF BIRTH | SEX: M / F | TELEPHONE NO.( ) | COPY |
|---|---|---|---|

| HOME ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|

| BUSINESS ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|

| VEHICLE INFO. | LICENSE | YEAR | COLOR | MAKE | MODEL |
|---|---|---|---|---|---|

| INCIDENT LOCATION (ADDRESS, CITY, STATE) 400 King Ave | DATE OF INCIDENT 11/1/19 | TIME OF INCIDENT |
|---|---|---|

☐ Check here if the report is for lost property. Describe property below. No need for narrative.

If the report is for anything other than lost property, state what happened: OFFICER DUDA # 111 WAS ARRESTING ME FOR EMPTYING MY NEIGHBORS BIRD FEEDER THAT WAS ON COMMUNAL PROPERTY. IT HAS BEEN EMPTIED ON NUMEROUS OCCASIONS DUE TO THE INFLUX OF NUMEROUS BIRDS SHITTING ALL OVER MY PATIO + PATIO TABLE + CHAIRS. IN THE + OFFICER DUDA HAS BEEN OVER THERE ON OCCASION FOR THE SAME REASON. HE HAS NEVER TOLD ME OR INFORMED ME THAT IT WAS A GOING TO EMPTY IT. THE PRESIDENT OF THE BOARD HAS TALKED TO BARBARA LOEFFLER BEFORE ON NOT PUTTING UP THE BIRD FEEDER ON COMMUNAL PROPERTY BECAUSE OF THE ISSUES THAT THE BIRDS CAUSE. AT ONE TIME THERE WAS OVER 150 CROWS IN THE AREA OF THE BIRD FEEDER. MS. LOEFFLER PUT THE BIRD FEEDER BACK UP AGAIN TODAY. I INFORMED TREVOR THE PRESIDENT. HE STATED HE WOULD TAKE IT DOWN TODAY HE WAS ALSO GOING TO SHOW HER THE BYLAWS OF THE

SIGNATURE Raymond Jargon

PAGE 1 OF 2

REVIEWED BY: _____ DATE & TIME RECEIVED: _____ COPY PROVIDED: ☐ YES ☐ NO

EAST DUNDEE PD

**East Dundee Police Department**
**CITIZEN REPORT**

ASSOCIATION THAT THESE BIRD FEEDERS SHOULD NOT BE PUT UP ON COMMUNAL PROPERTY

OFFICER DUNN USED EXCESSIVE FORCE PUTTING HANDCUFFS ON ME. IN FACT I STILL HAVE BRUISES ON MY WRISTS. THE PARAMEDICS WERE CALLED IN TO GIVE ME ICE FOR MY RIGHT WRIST - I HAVE BEEN TO THERAPY - FRIDAY 11/1, SATURDAY 11/2 & SUNDAY 11/3. MY DOCTOR PATEL STATED THE WRIST IS BADLY SPRAINED WITH POSSIBLE LIGAMENT DAMAGE -

I EVEN ASKED OFFICER DUNN TO EASE UP THE TIGHTNESS OF THE HANDCUFFS. HE REFUSED AS HE PROCEEDED TO LAUGH. HE PUSHED ME INTO THE SQUAD CAR WITH EXTREME FORCE, AS IF I WAS A CRIMINAL. I HAVE NO CRIMINAL BACKGROUND -

AS HE PUT ME IN THE CELL HE LEFT IT PITCH DARK AS HE CLOSED THE WINDOW. THERE WAS NO LIGHT FOR A PERIOD OF TIME. THIS IS UNCALLED FOR AS WELL AS HIS EXCESSIVE ABUSE OF MY WRISTS.

When complete return to: East Dundee Police Department 120 Barrington Ave. East Dundee IL. 60118

SIGNATURE _(signature)_     DATE 11/4/19

11/12/2019                                          Xfinity Connect Officer Duda Suspension Printout

Ray YAREM <umfinc@comcast.net>
                                                                          11/12/2019 5:33 PM
Officer Duda Suspension

To umfinc@comcast.net

- Suspension recommended for detective in Schmelzer murder case

By DAN CAMPANA
ELGIN COURIER-NEWS |
DEC 06, 2016 | 5:28 PM
Richard Schmelzer pleaded not guilty to first-degree murder. He is charged with the
murder of his grandmother, Mildred "Dodie" Darrington, 85, whose body was found
in her East Dundee house. (Chuck Berman, Chicago Tribune)
An East Dundee police detective who played a key role in the 2014 Mildred
Darrington murder investigation faces possible disciplinary action following an
internal investigation earlier this year into unspecified violations of department
policy.

The situation involving Det. Daniel Duda first came to light Monday at the outset of
Richard Schmelzer's trial on charges Schmelzer fatally stabbed Darrington, his
grandmother, in order to claim a part of her estate. On Tuesday, attorneys in the
case argued before Judge Linda Abrahamson about the relevance of the
departmental investigation to Duda's expected testimony during the Schmelzer
trial.

Although little detail was offered into Duda's alleged actions or what prompted the
internal probe, he is said to have acted in his own self-interest when he did
something "dishonest in nature," according to information cited in court from a
September police memo. East Dundee Police Chief Terry Mee told Abrahamson
that he has yet to make a final decision on what discipline to take against Duda,
however he acknowledged the memo which summarized the investigation
recommended Duda be suspended. His current status with the department was not
immediately known.

"I'm the decision-maker in this particular case," Mee said, noting "timing" and a
"matter of putting it to paper" for why he has yet to finalize the case.

That, in part, prompted concern from Schmelzer's attorney Joshua Dieden. He
suggested Duda lied to help his cause when testifying during a suppression
hearing in August — while the internal investigation was ongoing — relating to
Schmelzer's statements to police. Further, Dieden said the fact Mee hasn't decided
Duda's punishment might impact what Duda says as a witness in the murder trial.

11/12/2019

Xfinity Connect Duda Lawsuit Printout

Ray YAREM <umfinc@comcast.net>

11/12/2019 4:50 PM

Duda Lawsuit

To umfinc@comcast.net

- Detective sues East Dundee on charges his family leave and First Amendment rights were violated

By JANELLE WALKER
THE COURIER-NEWS |
AUG 29, 2018 | 5:25 PM

East Dundee police detective Dan Duda has filed a federal lawsuit against the village and his supervisors charging his federal civil rights were violated by police department actions. (Dan Duda)
An East Dundee police officer has sued the village, its former chief of police and a police lieutenant, charging his constitutional rights were violated by the department.

The lawsuit, filed in U.S. District Court in Chicago, says detective Dan Duda's treatment by the department after he had a heart attack in July 2016 breached his rights under the Family and Medical Leave Act and the First Amendment, the suit said.

Duda charges that when he took medical leave to recover from his illness, he was asked to work without pay and was never compensated later, the suit said. He maintains he was later denied a promotion to sergeant in retaliation for taking time off and was unfairly disciplined by then-Police Chief Terry Mee, who retired in January.

The village denies the allegations, Village Administrator Jennifer Johnson said in a prepared statement.

"The village denies the allegations of wrongdoing in the complaint made by Officer Daniel Duda," Johnsen wrote. "The village has treated Officer Duda fairly and properly at all times. This lawsuit will, in no way, affect the service that the police department provides to the residents and visitors of East Dundee. The village is addressing this matter with the assistance of the village's insurance carrier."

The suit says the First Amendment claims are tied to several issues, including the department's disapproval of a "private association in his home with decades-long friend and also business associate"; Duda's reporting a potential coverup of an incident involving a handcuffed prisoner at a hospital; and claims of "improper investigation of a juvenile case."

The friend and business associate was a person Duda hired to do tile work in his home, Duda's attorney Chris Langone said.

The person was the subject of a civil "stay-away order" brought by another police department employee but was not facing criminal charges, Langone said.

"(Duda) was having tile work done at his house. This person did not have any criminal convictions at the time — this was a civil matter," he said. Mee and Lt. Michael Governdale, also named as a defendant, met with Duda about the situation. Following an internal investigation, Duda was given a five-day suspension, the suit claims.

"He has even more motive ... to tailor his testimony" while awaiting a disposition, Dieden said, adding Duda's "credibility is at issue."

Abrahamson rejected Dieden's renewed push to suppress Schmelzer's statements based on claims he was questioned before being read his rights. She said her opinion has not changed as to how Duda or the second detective interviewed Schmelzer in July 2014, a meeting which was video recorded and viewed by Abrahamson. It is also expected to be shown to jurors during the trial.

The judge, however, did not immediately put limitations on Dieden's plan to raise the internal investigation during cross-examination when Duda takes the witness stand.



**MIDWEST BONE & JOINT INSTITUTE**
**www.midwestbonejoint.com**

Anthony W. Savino, M.D.
Michael G Kogan, M.D.
Vincent P. Cannestra, M.D.

James R. Seeds M.D.
Joshua M. Alpert M.D.

Elgin: 2350 Royal Boulevard, Suite 200, Elgin, IL 60123  Phone: (847) 931 - 5300  Fax: (847) 931-9072
Elgin: 1710 Randall Road, Suite 140, Elgin, IL 60123  Phone: (224) 293 - 1170  Fax: (847) 289-0960
Barrington: 420 W Northwest Highway, Barrington, IL 60010  Phone: (847) 382 - 6766  Fax: (847) 382 - 6782
Geneva: 308 Randall Road, Suite A, Geneva, IL 60134  Phone: (630) 262 - 5391  Fax: (630) 262 - 5398
Algonquin: 2971 W Algonquin Road, Suite 101A, Algonquin, IL 60102  Phone: (847) 854 - 8590  Fax: (847) 854 - 8593

## Raymond Yarem
DOB: 06/17/1956
Page #:1

**08/21/2020 - Office Visit: Right wrist**
**Provider: Joshua M Alpert MD**
**Location of Care: Midwest Bone & Joint Institute Barrington**

**Chief Complaint:** f/u right wrist
**Injury Date:** 07/25/2020
**History of Present Illness:** This patient returns to the office today regarding his right wrist. He notes the brace is helping him. He is still having some pain in his right wrist. He also has numbness and tingling that goes to his right thumb, index finger, and long finger.

**Past Medical History:** Pancreatic, prostate cancer.
**Past Surgical History:** Hernia-2001, pancreatic aneurysum.
**Social History:** Married, alcohol use never.
**Family History:** None listed

Medications reviewed this visit.
**Previous Medications:** MEDROL 4 MG ORAL TABLET THERAPY PACK (METHYLPREDNISOLONE)
Take as directed
MOBIC 7.5 MG ORAL TABLET (MELOXICAM) take 1 tablet by mouth daily with food as needed
CYMBALTA 60 MG ORAL CAPSULE DELAYED RELEASE PARTICLES (DULOXETINE HCL)

Allergies reviewed this visit.
**Previous Allergies:** IODINE (Critical)
POLLEN (Critical)
CONTRAST DYE (Critical)

## Risk Factors
**Tobacco Use** former smoker
## Vital Signs
**Height:** 71 inches
**Weight:** 230 pounds

**Body Mass Index:** 32.07

**Physical Exam:** RIGHT WRIST: He can fully flex, fully extend. He has some pain over the distal radius. No pain medially or laterally. He has mildly positive Tinel's test. Sensation is intact to light touch. He has good capillary refills.

**Assessment:** Right wrist pain with possible carpal tunnel syndrome.

**Plan:** His symptoms have been going on for quite some time. He has tried rest, rehab, and a brace. For now, we are going to get an EMG/nerve conduction study and see him back to go over the EMG study results.

**MIDWEST BONE & JOINT INSTITUTE**
**www.midwestbonejoint.com**

Anthony W. Savino, M.D.
Michael G Kogan, M.D.
Vincent P. Cannestra, M.D.

James R. Seeds M.D.
Joshua M. Alpert M.D.

Elgin:  2350 Royal Boulevard, Suite 200, Elgin, IL 60123  Phone: (847) 931 - 5300  Fax:  (847) 931-9072
Elgin:  1710 Randall Road, Suite 140, Elgin, IL 60123  Phone: (224) 293 - 1170  Fax:  (847) 289-0960
Barrington:  420 W Northwest Highway, Barrington, IL 60010  Phone: (847) 382 - 6766  Fax:  (847) 382 - 6782
Geneva:  308 Randall Road, Suite A, Geneva, IL 60134  Phone: (630) 262 - 5391  Fax:  (630) 262 - 5398
Algonquin:  2971 W Algonquin Road, Suite 101A, Algonquin, IL 60102  Phone: (847) 854 - 8590  Fax:  (847) 854 - 8593

## Raymond Yarem
DOB: 06/17/1956
Page #:2

All of the patient's questions were answered.  He is pleased with the plan.    Joshua M. Alpert, MD

Transcribed by Reece, Mary

**Electronically signed by Mary Reece  on 08/24/2020 at 10:00 AM**

## MIDWEST BONE & JOINT INSTITUTE
**www.midwestbonejoint.com**

Anthony W. Savino, M.D.
Michael G Kogan, M.D.
Vincent P. Cannestra, M.D.

James R. Seeds M.D.
Joshua M. Alpert M.D.

Elgin: 2350 Royal Boulevard, Suite 200, Elgin, IL 60123  Phone: (847) 931 - 5300  Fax:  (847) 931-9072
Elgin: 1710 Randall Road, Suite 140, Elgin, IL 60123  Phone:  (224) 293 - 1170  Fax:  (847) 289-0960
Barrington: 420 W Northwest Highway, Barrington, IL 60010  Phone: (847) 382 - 6766  Fax: (847) 382 - 6782
Geneva: 308 Randall Road, Suite A, Geneva, IL 60134  Phone:  (630) 262 - 5391  Fax:  (630) 262 - 5398
Algonquin: 2971 W Algonquin Road, Suite 101A, Algonquin, IL 60102  Phone:  (847) 854 - 8590  Fax:  (847) 854 - 8593

## Raymond Yarem
DOB: 06/17/1956
Page #:2

## HAND AND WRIST EXAMINATION
**Date of Injury:**        07/25/2020

**Physical Exam**: RIGHT WRIST: He can flex and extend his fingers and wrist. He has pain over the anatomic snuffbox, pain over his distal radius. His sensation is intact to light touch. He has some subjective decreased sensation with numbness throughout his hand. He is otherwise grossly neurologically intact.

**Diagnostic Studies:** The x-rays of his right wrist are normal. He has an MRI of his right wrist that shows some edema and swelling around his bones.

**Assessment**: Right wrist pain with a contusion from tight handcuffs being placed, possible carpal tunnel syndrome.

**Plan**: For now, we are going to start him on a Medrol Dosepak. I will give him a thumb Spica splint for comfort. We will reassess him in three to four weeks' time and see how he is feeling. If he is not better, we may have to consider some injections.

All of the patient's questions were answered. He is pleased with the plan.   Joshua M. Alpert, MD

Transcribed by Reece, Mary

**Diagnosis**
Pain in right wrist (ICD-719.43) (ICD10-M25.531)

**Procedures:**  Return Level 4 [CPT-99214]
L3908 Comfort Form Wrist [CPT- L3908]

**Prescriptions:**
MEDROL 4 MG ORAL TABLET THERAPY PACK (METHYLPREDNISOLONE) Take as directed
#1[Tablet] x 0
        Entered and Authorized by:      Joshua M Alpert MD
        Electronically signed by: Joshua M Alpert MD on 07/31/2020
        Method used:    Electronically to
                        Walgreens Dundee* (retail)
                        Rte 72 and 31
                        West Dundee, IL  60118
                        Ph: (847) 426-1773
                        Fax: (847) 426-1778
        RxID:   1911817448390910
        Handout requested.



**MIDWEST BONE & JOINT INSTITUTE**

**www.midwestbonejoint.com**

Anthony W. Savino, M.D.
Michael G Kogan, M.D.
Vincent P. Cannestra, M.D.

James R. Seeds M.D.
Joshua M. Alpert M.D.

Elgin:  2350 Royal Boulevard, Suite 200, Elgin, IL 60123  Phone: (847) 931 - 5300  Fax:  (847) 931-9072
Elgin:  1710 Randall Road, Suite 140, Elgin, IL 60123  Phone:  (224) 293 - 1170  Fax:  (847) 289-0960
Barrington:  420 W Northwest Highway, Barrington, IL 60010  Phone:  (847) 382 - 6766  Fax:  (847) 382 - 6782
Geneva:  308 Randall Road, Suite A, Geneva, IL 60134  Phone:  (630) 262 - 5391  Fax:  (630) 262 - 5398
Algonquin:  2971 W Algonquin Road, Suite 101A, Algonquin, IL 60102  Phone:  (847) 854 - 8590  Fax:  (847) 854 - 8593

**Raymond Yarem**
DOB: 06/17/1956
Page #:1

**07/31/2020 - Office Visit:  Right wrist**
**Provider:** Joshua M Alpert MD
**Location of Care:** Midwest Bone & Joint Institute Barrington

**Chief Complaint:**  Right wrist pain
**Injury Date:** 07/25/2020
**History of Present Illness:**  This is a 64-year-old male who presents to the office today.  He has had two right wrist injuries.  The first one, I thinks was in October or January, he is not sure when.  There was an issue with a police officer.  He was handcuffed, and he felt right wrist pain.  Then, six days ago, he was handcuffed again for something he says was not necessary.  He felt significant right wrist pain.  He was telling the officer that he had right wrist pain at the time.

Now, he is having ongoing complaints of right wrist pain, with swelling and some numbness and tingling that goes up into his elbow.

**Past Medical History:**  Pancreatic, prostate cancer.
**Past Surgical History:**  Hernia-2001, pancreatic aneurysum.
**Social History:**  Married, alcohol use never.
**Family History:**  None listed

Medications reviewed this visit.
**Previous Medications:**  MOBIC 7.5 MG ORAL TABLET (MELOXICAM) take 1 tablet by mouth daily with food as needed
CYMBALTA 60 MG ORAL CAPSULE DELAYED RELEASE PARTICLES (DULOXETINE HCL)

**New Medications:**  MEDROL 4 MG ORAL TABLET THERAPY PACK (METHYLPREDNISOLONE) Take as directed

Allergies reviewed this visit.
**Previous Allergies:**  POLLEN (Critical)
CONTRAST DYE (Critical)

**New Allergies:**  IODINE (Critical)

**Risk Factors**
**Tobacco Use** former smoker
**Vital Signs**
**Height:** 71 inches
**Weight:** 230 pounds

**Body Mass Index:** 32.07

**MIDWEST BONE & JOINT INSTITUTE**
**MBJ**
**www.midwestbonejoint.com**

Anthony W. Savino, M.D.
Michael G Kogan, M.D.
Vincent P. Cannestra, M.D.

James R. Seeds M.D.
Joshua M. Alpert M.D.

Elgin: 2350 Royal Boulevard, Suite 200, Elgin, IL 60123  Phone: (847) 931 - 5300  Fax: (847) 931-9072
Elgin: 1710 Randall Road, Suite 140, Elgin, IL 60123  Phone: (224) 293 - 1170  Fax: (847) 289-0960
Barrington: 420 W Northwest Highway, Barrington, IL 60010  Phone: (847) 382 - 6766  Fax: (847) 382 - 6782
Geneva: 308 Randall Road, Suite A, Geneva, IL 60134  Phone: (630) 262 - 5391  Fax: (630) 262 - 5398
Algonquin: 2971 W Algonquin Road, Suite 101A, Algonquin, IL 60102  Phone: (847) 854 - 8590  Fax: (847) 854 - 8593

## Raymond Yarem
DOB: 06/17/1956
Page #:1

**08/21/2020 - Office Visit: Right wrist**
**Provider: Joshua M Alpert MD**
**Location of Care: Midwest Bone & Joint Institute Barrington**

**Chief Complaint:** f/u right wrist
**Injury Date:** 07/25/2020
**History of Present Illness:** This patient returns to the office today regarding his right wrist. He notes the brace is helping him. He is still having some pain in his right wrist. He also has numbness and tingling that goes to his right thumb, index finger, and long finger.

**Past Medical History:** Pancreatic, prostate cancer.
**Past Surgical History:** Hernia-2001, pancreatic aneurysum.
**Social History:** Married, alcohol use never.
**Family History:** None listed

Medications reviewed this visit.
**Previous Medications:** MEDROL 4 MG ORAL TABLET THERAPY PACK (METHYLPREDNISOLONE) Take as directed
MOBIC 7.5 MG ORAL TABLET (MELOXICAM) take 1 tablet by mouth daily with food as needed
CYMBALTA 60 MG ORAL CAPSULE DELAYED RELEASE PARTICLES (DULOXETINE HCL)

Allergies reviewed this visit.
**Previous Allergies:** IODINE (Critical)
POLLEN (Critical)
CONTRAST DYE (Critical)

## Risk Factors
**Tobacco Use** former smoker
## Vital Signs
**Height:** 71 inches
**Weight:** 230 pounds

**Body Mass Index:** 32.07

**Physical Exam:** RIGHT WRIST: He can fully flex, fully extend. He has some pain over the distal radius. No pain medially or laterally. He has mildly positive Tinel's test. Sensation is intact to light touch. He has good capillary refills.

**Assessment:** Right wrist pain with possible carpal tunnel syndrome.

**Plan:** His symptoms have been going on for quite some time. He has tried rest, rehab, and a brace. For now, we are going to get an EMG/nerve conduction study and see him back to go over the EMG study results.

**MIDWEST BONE & JOINT INSTITUTE**
**www.midwestbonejoint.com**

Anthony W. Savino, M.D.
Michael G Kogan, M.D.
Vincent P. Cannestra, M.D.

James R. Seeds M.D.
Joshua M. Alpert M.D.

Elgin:  2350 Royal Boulevard, Suite 200, Elgin, IL 60123  Phone: (847) 931 - 5300  Fax:  (847) 931-9072
Elgin:  1710 Randall Road, Suite 140, Elgin, IL 60123  Phone:  (224) 293 - 1170  Fax:  (847) 289-0960
Barrington:  420 W Northwest Highway, Barrington, IL 60010  Phone:  (847) 382 - 6766  Fax:  (847) 382 - 6782
Geneva:  308 Randall Road, Suite A, Geneva, IL 60134  Phone:  (630) 262 - 5391  Fax:  (630) 262 - 5398
Algonquin:  2971 W Algonquin Road, Suite 101A, Algonquin, IL 60102  Phone:  (847) 854 - 8590  Fax:  (847) 854 - 8593

## Raymond Yarem
DOB: 06/17/1956
Page #:2

All of the patient's questions were answered.  He is pleased with the plan.    Joshua M. Alpert, MD

Transcribed by Reece, Mary

**Electronically signed by Mary Reece  on 08/24/2020 at 10:00 AM**

**MIDWEST BONE & JOINT INSTITUTE**
www.midwestbonejoint.com

Anthony W. Savino, M.D.
Michael G Kogan, M.D.
Vincent P. Cannestra, M.D.

James R. Seeds M.D.
Joshua M. Alpert M.D.

Elgin: 2350 Royal Boulevard, Suite 200, Elgin, IL 60123  Phone: (847) 931 - 5300  Fax: (847) 931-9072
Elgin: 1710 Randall Road, Suite 140, Elgin, IL 60123  Phone: (224) 293 - 1170  Fax: (847) 289-0960
Barrington: 420 W Northwest Highway, Barrington, IL 60010  Phone: (847) 382 - 6766  Fax: (847) 382 - 6782
Geneva: 308 Randall Road, Suite A, Geneva, IL 60134  Phone: (630) 262 - 5391  Fax: (630) 262 - 5398
Algonquin: 2971 W Algonquin Road, Suite 101A, Algonquin, IL 60102  Phone: (847) 854 - 8590  Fax: (847) 854 - 8593

## Raymond Yarem
DOB: 06/17/1956
Page #:2

## HAND AND WRIST EXAMINATION
**Date of Injury:**          07/25/2020

**Physical Exam**: RIGHT WRIST: He can flex and extend his fingers and wrist. He has pain over the anatomic snuffbox, pain over his distal radius. His sensation is intact to light touch. He has some subjective decreased sensation with numbness throughout his hand. He is otherwise grossly neurologically intact.

**Diagnostic Studies:** The x-rays of his right wrist are normal. He has an MRI of his right wrist that shows some edema and swelling around his bones.

**Assessment**: Right wrist pain with a contusion from tight handcuffs being placed, possible carpal tunnel syndrome.

**Plan**: For now, we are going to start him on a Medrol Dosepak. I will give him a thumb Spica splint for comfort. We will reassess him in three to four weeks' time and see how he is feeling. If he is not better, we may have to consider some injections.

All of the patient's questions were answered. He is pleased with the plan. Joshua M. Alpert, MD

Transcribed by Reece, Mary

**Diagnosis**
Pain in right wrist (ICD-719.43) (ICD10-M25.531)

**Procedures:** Return Level 4 [CPT-99214]
L3908 Comfort Form Wrist [CPT- L3908]

**Prescriptions:**
MEDROL 4 MG ORAL TABLET THERAPY PACK (METHYLPREDNISOLONE) Take as directed
#1[Tablet] x 0
      Entered and Authorized by:      Joshua M Alpert MD
      Electronically signed by: Joshua M Alpert MD on 07/31/2020
      Method used:   Electronically to
                Walgreens Dundee* (retail)
                Rte 72 and 31
                West Dundee, IL  60118
                Ph: (847) 426-1773
                Fax: (847) 426-1778
      RxID:   1911817448390910
      Handout requested.

**MIDWEST BONE & JOINT INSTITUTE**
**MBJ**
**www.midwestbonejoint.com**

Anthony W. Savino, M.D.
Michael G Kogan, M.D.
Vincent P. Cannestra, M.D.

James R. Seeds M.D.
Joshua M. Alpert M.D.

Elgin: 2350 Royal Boulevard, Suite 200, Elgin, IL 60123 Phone: (847) 931 - 5300 Fax: (847) 931-9072
Elgin: 1710 Randall Road, Suite 140, Elgin, IL 60123 Phone: (224) 293 - 1170 Fax: (847) 289-0960
Barrington: 420 W Northwest Highway, Barrington, IL 60010 Phone: (847) 382 - 6766 Fax: (847) 382 - 6782
Geneva: 308 Randall Road, Suite A, Geneva, IL 60134 Phone: (630) 262 - 5391 Fax: (630) 262 - 5398
Algonquin: 2971 W Algonquin Road, Suite 101A, Algonquin, IL 60102 Phone: (847) 854 - 8590 Fax: (847) 854 - 8593

## Raymond Yarem
DOB: 06/17/1956
Page #:1

**07/31/2020 - Office Visit: Right wrist**
**Provider: Joshua M Alpert MD**
**Location of Care: Midwest Bone & Joint Institute Barrington**

**Chief Complaint:** Right wrist pain
**Injury Date:** 07/25/2020
**History of Present Illness:** This is a 64-year-old male who presents to the office today. He has had two right wrist injuries. The first one, I thinks was in October or January, he is not sure when. There was an issue with a police officer. He was handcuffed, and he felt right wrist pain. Then, six days ago, he was handcuffed again for something he says was not necessary. He felt significant right wrist pain. He was telling the officer that he had right wrist pain at the time.

Now, he is having ongoing complaints of right wrist pain, with swelling and some numbness and tingling that goes up into his elbow.

**Past Medical History:** Pancreatic, prostate cancer.
**Past Surgical History:** Hernia-2001, pancreatic aneurysum.
**Social History:** Married, alcohol use never.
**Family History:** None listed

Medications reviewed this visit.
**Previous Medications:** MOBIC 7.5 MG ORAL TABLET (MELOXICAM) take 1 tablet by mouth daily with food as needed
CYMBALTA 60 MG ORAL CAPSULE DELAYED RELEASE PARTICLES (DULOXETINE HCL)

**New Medications:** MEDROL 4 MG ORAL TABLET THERAPY PACK (METHYLPREDNISOLONE) Take as directed

Allergies reviewed this visit.
**Previous Allergies:** POLLEN (Critical)
CONTRAST DYE (Critical)

**New Allergies:** IODINE (Critical)

## Risk Factors
**Tobacco Use** former smoker
## Vital Signs
**Height:** 71 inches
**Weight:** 230 pounds

**Body Mass Index:** 32.07

 **BlueCross BlueShield of Illinois**

Session 8/17/21
Billed 7/25/21

BLUE CROSS/BLUE SHIELD
Member ID#: XXXXXXXX5720          Group #: 000IS1802
Customer Advocates are here to help! **1-800-538-8833**

## CLAIM DETAIL          (1 of 2)
**PATIENT:** RAYMOND M. YAREM
**PROVIDER:** ADVOCATE SHERMAN HOSPITAL
**CLAIM #:** 118323176430C          **DATE PROCESSED:** 07/20/2021

| | |
|---|---:|
| Amount Billed | $1,688.00 |
| Discounts and Reductions | - $1,688.00 |
| Health Plan Responsibility | - $0.00 |
| **You may owe your health care provider for these services** | **$0.00** |

| Service Description | Service Dates | YOUR BENEFITS APPLIED | | | | YOUR RESPONSIBILITY | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Amount Billed | Discounts and Reductions | Amount Covered (Allowed) | Health Plan Responsibility | Deductible Amount | Copay Amount | Coinsurance | Amount Not Covered | Your Total Costs |
| Drugs | 07/25/2020 | 7.00 | (1) 7.00 | | | | | | | 0.00 |
| X-Ray Services | 07/25/2020 | 304.00 | (1) 304.00 | | | | | | | 0.00 |
| Emer Room Services | 07/25/2020 | 1,050.00 | (1) 1,050.00 | | | | | | | 0.00 |
| Emer Room Services | 07/25/2020 | 327.00 | (1) 327.00 | | | | | | | 0.00 |
| **CLAIM TOTALS** | | **$1,688.00** | **$1,688.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** |

**Notes about amounts under "YOUR BENEFITS APPLIED" and "YOUR RESPONSIBILITY"**

(1) The bill for this service is a duplicate. The provider should not bill you for this.

## CLAIM DETAIL          (2 of 2)
**PATIENT:** RAYMOND M. YAREM
**PROVIDER:** CENTRAL DUPAGE HOSPITAL
**CLAIM #:** 1201502X2240X          **DATE PROCESSED:** 07/20/2021
Blue Cross and Blue Shield has negotiated discounts with this provider. The following shows how the BCBS discount (ADP) is used to help lower your out-of-pocket expenses.

| | |
|---|---:|
| Amount Billed | $111.00 |
| Discounts (ADP) | - $68.49 |
| Health Plan Responsibility | - $25.51 |
| **You may owe your health care provider for these services** | **$17.00** |

| Service Description | Service Dates | YOUR BENEFITS APPLIED | | | | YOUR RESPONSIBILITY | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Amount Billed | Discounts and Reductions | Amount Covered (Allowed) | Health Plan Responsibility | Deductible Amount | Copay Amount | Coinsurance | Amount Not Covered | Your Total Costs |
| Laboratory Services | 07/15/2021 | 111.00 | | 111.00 | | | | 17.00 | | 17.00 |
| **CLAIM TOTALS** | | **$111.00** | **$0.00** | **$111.00** | **$25.51** | **$0.00** | **$0.00** | **$17.00** | **$0.00** | **$17.00** |

Total covered benefits approved for this claim: $25.51 to CENTRAL DUPAGE HOSPITAL on 07-20-21.

For your up-to-date Medical Spending summary, visit Blue Access for Members℠ on our website, the BCBSIL Mobile App or call the phone number on the back of your ID card.

RAYMOND M YAREM - Benefit Period: 01-01-21 Through 12-31-21. To date this patient has met $1,997.42 of her/his $2,850.00 Out-of-pocket Expense.